WILLIAM E. ARMSTRONG, appellant, *v.* JOHN C. CALD-
WELL and WILLIAM CALDWELL, appellees.

*Appeal from La Salle.*

Where a defendant has had a full opportunity to make his defence to an action at law, and it consisted of matters cognizable in a court of law, the judgment of such a court should be considered final and conclusive, where there has been no fraud in obtaining it; and a court of equity will not disturb it.

THE appellant filed his bill in chancery against the defendants, in the La Salle Circuit Court. The bill set forth that at the April term, 1838, of the La Salle Circuit Court, John C. Caldwell recovered a judgment against the complainant, for $259,78, for goods, wares, and merchandise sold and delivered, and for moneys. That all the dealings in relation to the cause of action, upon which the judgment was rendered, were had with William Caldwell, John C. Caldwell not having been known in any of the dealings; that the complainant had good reason to believe, and did believe, that William was the principal, and the only person interested in, or who could have any claim upon, the claimant, on account of said dealings; that all accounts, receipts, &c. were in the name of William, John not having been known in any of the transactions. That at the time of the recovery of the judgment, William represented himself to be the agent of John, and to be wholly without pecuniary interest in the matter. That William is

indebted to the complainant in the sum of $200, being for the amount of a promissory note which he was prevented from setting off against the account upon which judgment was recovered, by reason that the suit was brought in the name of John.

The bill also stated that a bill of shoes, which constituted one item in the said account, amounting to $146,90, were the partnership property of the complainant and William Caldwell, as he supposed, and that a Court of law could not adjust the partnership accounts between them. That said bill of shoes was allowed on the trial of the action at law, the complainant having been taken by surprise, by the admitting of William Caldwell as a witness, and by his testimony, the complainant having been informed at the trial, for the first time, that John C. Caldwell claimed said amount on account of the partnership property.

That before the commencement of said suit at law, James Johnson and Benjamin Maypole, witnesses, by whom he has since learned that he could have explained and defeated the said claim for said bill of shoes, had left the State, and at the time of the trial he did not know where they were. That in February or March, 1838, he wrote a letter to both of said witnesses, directed to them at Attica, Licking county, Ohio, where he had reason to believe they were, in order to learn what they knew of the transaction, he being ignorant of the extent of their knowledge upon the subject, but he received no answer until after the judgment was recovered. That he has since learned that he can prove by said witnesses, that a gun and fowling bag, charged against him in the account at the price of $33, were purchased by him of William Caldwell, at the price of $27; and that the pork and bacon which were charged in said account, were purchased of William Caldwell, at nine cents per pound, whereas they were charged in the account at a much higher rate;—and that said articles were allowed, on the trial, at the prices charged in the account. The bill prayed a disclosure of William Caldwell's interest in the transactions between the parties in relation to the account upon which the judgment was rendered, and an injunction against John C. Caldwell, to stay proceedings upon the judgment at law; and that upon the hearing of the cause, the judgment should be vacated.

At the October term, 1838, of the Court below, on motion of the counsel for the defendants, the injunction was dissolved, and the bill dismissed. The complainant appealed to this Court.

The decision of the Court below, in dissolving the injunction and dismissing the bill, is assigned for error.

GILES SPRING, for the appellant.

N. H. PURPLE, for the appellees.

SMITH, Justice, delivered the opinion of the Court:

The bill in this case seeks to open and reinvestigate matters litigated in an action at law, between one of the defendants and the complainant, in the Circuit Court of La Salle, in which the complainant appeared and made defence.

Upon an examination of the bill, no ground whatever is perceived for granting the relief sought, which is, to vacate the judgment at law.

The complainant had a full opportunity to make his defence to the action, the matters of which were only cognizable in a court of law, and that should be considered final and conclusive, no fraud appearing in the obtaining of the judgment. The note of one of the defendants, which the complainant alleges he holds, may be prosecuted at law, and therefore is no ground on which the interposition of a court of equity should be sought. We can perceive no grounds whatever, upon which, on the known principles governing proceedings in equity, the relief sought could be allowed.

The injunction was properly dissolved, and the bill dismissed.

The judgment is affirmed, with costs.

*Judgment affirmed.*

*Note.* See Beams *et al., v.* Denham *et al., Ante* 58; Elston *v.* Blanchard, *Post.*